## ALONZO URMSTON ET AL. V. THE STATE EX REL. FRANCIS KUEHR.

1. *Liability of Surety on an Official Bond.*—The undertaking of such surety must be strictly construed, and cannot be extended beyond the period of time provided for by the bond, and so it does not extend to acts done after the expiration of the term of office.

2. *Allegation as to Continuance of the Term.*—So where a bond is to continue one year, or "until a successor is elected and qualified," it must be alleged that a successor had not been elected and qualified when the act performed after the term of one year had closed, was done.

3. *Presumption as to Election and Qualification.*—The presumption is that at the usual time of an election—of which the court will take judicial notice—an

election was duly held and a successor was elected and qualified in the usual man-
ner.   And this presumption must be negatived in a suit on the bond for an act
done after the usual time of such election and qualification.

Filed May 17, 1881.

Appeal from Franklin Circuit Court.

McKee & McKee, Berry & Berry and S. E. Urmston, for ap-
pellants, cited, 1 R. S. 1876, p. 922, as to election of a successor;
Buskirk's Prac. 26, as to judicial notice of an election.

Opinion of the court by Mr. Justice Elliott.

This was an action by appellee against Alonzo Urmston and the
sureties on his official bond as constable.   Relator obtained judg-
ment below, and from that judgment appellants, who were the
sureties of said constable, appeal, the principal, Alonzo Urmston,
refusing to join.   The only error relied upon by counsel in their
brief, is the overruling of their demurrer to appellees' complaint.

This error is well assigned.   It appears that said bond was ex-
ecuted on the 3d day of March, 1875, the condition being as fol-
lows :  "The condition of the above obligation is such that whereas,
the above named and bounden, Alonzo Urmston, has been duly ap-
pointed by the board of commissioners of said county, constable
for Brookville township, in the county aforesaid, for the term of
one year from the 3d day of March in said year, 1875, until his
successor shall be elected and qualified; now if the said Alonzo
Urmston shall faithfully discharge all the duties required of him by
any law now or subsequently in force, then this obligation shall be
void, otherwise to remain in full force and virtue in law."   On the
4th day of October, 1876, appellee placed in the hands of Alonzo
Urmston an execution to be levied by him.   In November of the
same year said Urmston collected the money on this execution, and
converted it to his own use, refusing to pay it over to relator.

The undertaking of the sureties was that their principal should
properly discharge the duties of the office of constable for a
designated period.   The period designated by the bond is for one
year, or until the constable's successor shall be elected and qualified.
It certainly cannot be construed to extend beyond the election and
qualification of a successor.   If, however, it is to be construed as
covering a period of one year, then the wrongful acts complained of
were clearly not done within the time provided for by the bond.

A surety cannot be held bound for a longer period than that limited by his undertaking, and such undertakings, as against the surety, are to be strictly construed. *Mellekin* v. *State*, 7 Blkf. 77.

Construing the bond as limiting the period of appellants' liability to the time embraced within the date of the bond and the election and qualification of a successor to their principal, it had presumptively terminated when the appellee's execution was delivered to the constable. The moment a successor was elected and qualified the sureties ceased to be liable on their undertaking. For acts done within the term, they of course remained liable, but with the expiration of the term their liability as to all other acts ceased. The complaint is bad for the reason that it does not show that a successor to appellants' principal had not been elected and qualified. In the absence of an averment to the contrary, the presumption is that a successor had been elected.

It is provided that vacancies in the office of constable shall be filled by appointment, " and that the person so appointed shall hold until a successor is elected and qualified, who shall be elected at the next township election." 1 R. S. 92½. We know judicially that a township election was held on the second Tuesday in October, 1875, at which a successor ought to have been, and we must presume was, elected. The presumption until rebutted must be that the official term of the appellant's principal had expired, when the execution was delivered to him. The undertaking of the appellants was to answer for his acts as constable, and as he was not, as we are bound to presume, an officer at the time the wrongful acts complained of were done, they can not be held liable on the bond sued upon. *Rary* v. *The Governor*, 4 Blkf. 2.

Judgment reversed.